

2005 Decisions

**Opinions of the United
States Court of Appeals
for the Third Circuit**

5-25-2005

# Rohmer v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1222

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Rohmer v. Comm Social Security" (2005). *2005 Decisions.* Paper 1135.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1135

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1222

———

ESTATE OF RICHARD ROHMER,
DECEASED BY ELIZABETH ROHMER,
ADMINISTRATOR

v.

COMMISSIONER SOCIAL SECURITY

Estate of Richard Rohmer, Deceased,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-CV-08475)
District Judge: Hon. Berle M. Schiller

———

Submitted Under Third Circuit LAR 34.1(a) November 15, 2004

Before: Roth, Smith, and Weis, Circuit Judges.

(Filed: May 25, 2005)

———

OPINION OF THE COURT

———

ROTH, Circuit Judge.

This case is an appeal of the judgment by the United States District Court for the Eastern District of Pennsylvania in favor of the Commissioner of the Social Security Administration.

On August 17, 1985, Richard Rohmer, a masonry construction laborer by trade, hurt his back while lifting a heavy object.  He sought medical treatment and underwent physical therapy for approximately a four-month period.  Physical therapy proved to be unsuccessful in relieving Rohmer's symptoms, and in October 1988, after Rohmer relocated to Texas, he underwent a lumbar laminectomy.  Rohmer continued to complain of symptoms of pain, tingling, and numbness in his left leg.  His treating physician cleared him to return to work nine months post-surgery.  Rohmer then worked in Texas as a stainer of kitchen cabinet doors.  Rohmer was employed in that position until the company laid him off in December 1990 for lack of work.  Upon his return to Pennsylvania in January 1991, Rohmer sought gainful employment with no success.  Although he continued to complain of pain in his lower back and symptoms in his left leg, Rohmer did not seek regular medical treatment once he was back in Pennsylvania, nor did he take any prescription medications.

Rohmer's masonry construction employer and its Worker's Compensation carrier assumed liability for Rohmer's original back injury.  Two orthopedic surgeons, Drs. Marie F. Hatam and Barry J. Snyder, evaluated Rohmer in 1992 and 1993 respectively,

2

for Workers Compensation purposes. Dr. Hatam concluded that Rohmer could sit two hours at a time for a total of four hours a day, stand one hour at a time for a total of two hours a day, and walk four hours, both total and at once. She determined that Rohmer could lift and carry ten pounds, frequently lift and carry twenty pounds, and occasionally lift twenty-five pounds. Based on these findings, Dr. Hatam concluded that Rohmer retained the ability to work a full eight-hour day and was able to perform "light duty type work that he had done previously as a painter's helper." Dr. Snyder concluded that Rohmer suffered from herniated lumbar disc at L4-5, post-surgery scarring, and bilateral radiculopathy of L5 and S1 nerve roots. In Dr. Snyder's opinion, Rohmer was unable to work more than two hours a day.

On February 2, 1995, Rohmer filed an application for disability insurance benefits (DIB) for the period from December 31, 1990, to the date last insured, December 31, 1993. He claimed disability for his work-related back injury. After an evidentiary hearing in 1997, the Administrative Law Judge (ALJ) issued a decision denying Rohmer's DIB application. After the Appeals Council denied Rohmer's appeal, he filed a civil suit in District Court. The District Court remanded for further proceeding to determine whether Rohmer was capable of performing sedentary work. On remand, after taking testimony from a vocational expert, the ALJ again denied Rohmer's application for DIB, finding that he was not disabled at step five of the sequential disability evaluation because he retained the residual functional capacity (RFC) to perform light and sedentary

work with a sit-stand option.  The Commissioner affirmed.  Following the remand, the District Court granted summary judgment in the Commissioner's favor, holding that substantial evidence supported the ALJ's decision.  Rohmer now appeals the District Court's decision.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  While our review of the District Court's order is plenary, we may reverse the grant of summary judgment to the Commissioner only if we conclude that the ALJ's findings were not supported by substantial evidence.  Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).  Substantial evidence refers to that evidence that "a reasonable mind might accept as adequate to support a conclusion."  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citations omitted)).  In making this determination, "we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder."  Burns, 312 F.3d at 118.

In making a disability determination, the Commissioner's regulations require that an ALJ engage in a sequential, five-step evaluation.  The ALJ must consider in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether his impairment prevents him from performing his past relevant work; and (5) if so, whether he can perform any other work which exists in the national economy, in light

4

of his age, education, work, experience, and RFC.  20 C.F.R. §§ 404.1520, 416.920;

Burns, 312 F.3d at 118-119.

Rohmer argues that there is no substantial evidence to support the ALJ's

determination that Rohmer retained the physical capacity to perform sedentary work and

to perform specific jobs existing in the national economy, such as hand packager, bagger,

hand bagger, marker/label attacher, assembler of jewelry, locks and compacts, and self-

service gas station or parking garage cashier.  He contends that the vocational expert's

conclusions with regard to sedentary work available to Rohmer nationwide are

contradicted by the medical evidence which showed that Rohmer was capable of less than

sedentary work.  He argues that some of the jobs the vocational expert said Rohmer could

do were actually light work rather than sedentary jobs.

The ALJ has the responsibility for evaluating the record and weighing the relative

worth of evidence as a necessary part of making her determination.  The ALJ noted a

conflict between the opinions of Dr. Hatam and Dr. Askin on the one hand,[1] and the

opinion of Dr. Snyder on the other.  The record shows that the ALJ considered all of the

medical evidence before rendering her decision.  The ALJ also indicated both the

evidence upon which she relied and her rationale for her determination.  The ALJ credited

the opinion of Dr. Hatam that Rohmer could perform light work in October 1989.  She

---

[1] Dr. Stanley Askin, a board certified orthopedist, testified that Rohmer suffered from degenerative disc disease but that the medical condition was not severe enough to satisfy one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (Appendix 1).

5

rejected Dr. Snyder's conclusion that Rohmer could only work a two-hour day, and thoroughly explained her reasons for discounting his opinion. The ALJ presented a hypothetical question to the vocational expert that included all of the functional limitations that the record supported. Specifically, she limited Rohmer's functional capacity to lifting only 10 pounds frequently and twenty pounds occasionally and she required alternating sitting and standing with walking, the total of which was not to exceed one hour. These limitations were consistent with the medical evidence relied on by the ALJ. Based on the ALJ's hypothetical question regarding Rohmer's RFC, the vocational expert outlined numerous light and sedentary jobs that Rohmer could perform. The vocational expert testified that the job of cabinet painter had appeared to be a sit-stand sedentary job as Rohmer performed it, and that the job "as performed" would fit within the RFC set forth by Dr. Hatam. In the vocational expert's opinion, Rohmer could perform any of the jobs listed as sedentary work even with a sit-stand modification. From our review of the record, we conclude that there was substantial evidence to support the ALJ's RFC finding.

Rohmer also argues that the record established that he was permanently impaired and that he was incapable of performing any of his past work, including sedentary work as a painter using hand tools.[2] Rohmer asserts that even though the ALJ explicitly relied

_____

[2] Based on Dr. Askin's testimony at the initial DIB hearing, the ALJ concluded that Rohmer's injuries were singular or were merely a back impairment and therefore not a combination of impairments listed in Appendix 1. The District Court ruled that there was substantial evidence supporting the ALJ's finding. See Rohmer v. Apfel, Civ. A. No.

6

on the conclusions of Drs. Hatam and Askin, her finding that Rohmer did not have the RFC to perform his last job as a cabinet painter implicitly accepted the opinion of Dr. Snyder that Rohmer could not perform the "less than sedentary" job of a sit-stand cabinet painter. Thus, Rohmer claims that there is no evidence that any of the jobs set forth by the vocational expert and relied on by the ALJ required less than sedentary work.

There is no support in the record for Rohmer's contention that he was only capable of less than sedentary work. The ALJ found that, although the painting job was usually categorized as light work, the evidence was not clear as to the exertional demands of the job as performed by Rohmer, especially with regard to lifting and carrying requirements. Giving Rohmer the benefit of the doubt, the ALJ assumed that the answer to step four was that Rohmer could not perform his last job. As we have already discussed, there was substantial evidence supporting the ALJ's finding that Rohmer could have worked at the sedentary jobs enumerated in the vocational expert's testimony.

For the foregoing reasons, we will affirm the judgment of the District Court.

———

98-6046 (E.D. Pa. May 19, 1999). Rohmer did not appeal the District Court's ruling. To the extent that Rohmer challenges the ALJ's finding as to the degree of his impairment, we find substantial evidence to support the ALJ's conclusion.